IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD R. CROOM, the Court-appointed Guardian of the Person and Estate of Anna Beth Croom, an incapacitated adult person, <br><br> Plaintiff, <br><br> v. <br><br> ADDAX MINERALS, LLC, a foreign limited liability company; SILVER SPUR RESOURCES, LLC, a foreign limited liability company; and MICHAEL HELDOORN, an individual, <br><br> Defendants. | Case No. CIV-12-861-D |

## **O R D E R**

Upon review of the Notice of Removal, the Court finds insufficient factual allegations to support the assertion of subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a).[1]

Defendants Addax Minerals, LLC and Silver Spur Resources, LLC identify themselves as Texas limited liability companies and state their principal places of business, which would establish citizenship under 28 U.S.C. § 1332(c)(1). However, appellate courts have unanimously held that a limited liability company is not treated like a corporation under § 1332(c)(1), but like a limited partnership or unincorporated association under *Camden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Johnson v. Columbia Properties Anchorage, LP*, 437

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

F.3d 894, 899 (9th Cir. 2006); *see also Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006); *General Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Neither the Notice of Removal nor Plaintiff's pleading provides information concerning the citizenship of the companies' members or owners, and therefore, neither alleges the companies' citizenship. Each company has filed a corporate disclosure statement, rather than the "Disclosure Statement Identifying Constituents of LLC or Partnership" required by LCvR7.1.1, and has failed to provide the necessary information. *See* Corporate Disclosure Statement [Doc. Nos. 2 & 3]. Therefore, the case record does not establish a basis for the exercise of federal jurisdiction.

IT IS THEREFORE ORDERED that Defendants shall file an amended notice of removal to allege the existence of diversity jurisdiction not later than August 24, 2012.[2]

IT IS SO ORDERED this 10th day of August, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Defendants need not refile the exhibits attached to the Notice of Removal but may incorporate them by reference pursuant to Fed. R. Civ. P. 10(c).